UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ATTHEW</small> L<small>OTT</small>, #871773,

        Plaintiff,                                       Hon. Hala Y. Jarbou

v.                                                    Case No. 1:20-cv-1255

C<small>ORIZON</small>, et al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motions to Substitute Party (ECF No. 25 and 29) and Defendant Sices' Motion for Summary Judgment (ECF No. 26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Sices' motion be granted, Plaintiff's motions be denied, Plaintiff's claims against Dr. Worel be dismissed with prejudice, and this matter terminated.

## **BACKGROUND**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF). Plaintiff initiated this action on December 29, 2020, against Corizon and several individuals concerning events which occurred at the Earnest C. Brooks Correctional Facility (LRF). Most of Plaintiff's claims were dismissed on screening. At this juncture, the only claims remaining are Eighth Amendment and pendant state law claims against Dr. Peter

-1-

Sices and Dr. Richard Worel. With respect to these remaining claims, Plaintiff alleges the following. (ECF No. 1).

Plaintiff was born with a single kidney. On January 5, 2017, Plaintiff "wrote to health care" to inquire whether he was approved to meet with a urologist. Dr. Sices later informed Plaintiff that his renal function was "impaired." The doctor instructed Plaintiff to drink more fluids. Dr. Worel subsequently denied Plaintiff's request to be examined by a urologist. On May 17, 2017, Dr. Sices informed Plaintiff that his renal function tested at 1.51 which was outside normal limits. Despite this, Dr. Sices informed Plaintiff that he was not approved to meet with a urologist. Plaintiff experienced renal failure on October 9, 2017, after which he was hospitalized.

Plaintiff alleges that Drs. Sices and Worel violated his Eighth Amendment right to be free from cruel and unusual punishment and likewise violated his rights under state law. Defendant Sices now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his available administrative remedies. Plaintiff has responded to this motion. As detailed below, Dr. Worel passed away on September 7, 2020. Plaintiff, therefore, moves to substitute Dr. Worel's widow and/or Dr. Worel's estate as Defendant.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Defendant Sices' Motion for Summary Judgment

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). This obligation only extends, however, to

such administrative remedies as are available.   *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   The now current version of this Policy, which took effect on March 18, 2019, superseded the prior version which had been in effect since July 9, 2007.   (MDOC Policy Directive 03.02.130 (Mar. 18, 2019)).   The events relevant to the present motion are governed by the previous version of this Policy.

Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ P (July 9, 2007). The prisoner must attempt to resolve the matter with staff within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ V (July 9, 2007). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ R (July 9, 2007).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ BB (July 9, 2007). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ FF (July 9, 2007).

In support of his motion, Defendant has submitted evidence that, during the relevant time-period, Plaintiff pursued five grievances through all three steps of the grievance process. (ECF No. 26-1, PageID.143-72). As Defendant correctly argues, however, none of these grievances are asserted against Defendant Sices or concern

Plaintiff's claim against Defendant Sices. (*Id.*). Thus, none of these grievances exhaust Plaintiff's remaining claim against Defendant Sices.

Plaintiff does not challenge this conclusion. (ECF No. 30). Instead, Plaintiff argues that a sixth grievance serves to exhaust his claim against Defendant Sices. Specifically, Plaintiff cites to Grievance ARF-16-07-1518-12i. (ECF No. 30, PageID.219-20). Because Plaintiff failed to submit a copy of the Step I grievance, it cannot be determined when this grievance was initiated or against whom it was asserted. Nevertheless, the evidence submitted by Plaintiff indicates that he submitted his Step II grievance appeal on August 1, 2016. (ECF No. 30, PageID.219). Thus, Plaintiff initiated this grievance sometime prior to August 1, 2016. But the incidents that form the basis of his claim against Defendant Sices did not occur until 2017. Accordingly, this grievance cannot possibly have exhausted Plaintiff's claim against Defendant Sices.

In sum, Defendant Sices has met his burden to demonstrate that he is entitled to relief on exhaustion grounds. Accordingly, the undersigned recommends that Defendant Sices' motion for summary judgment be granted.

## II.   Plaintiff's Motion to Substitute Party

Plaintiff initiated this action on December 29, 2020. Dr. Worel passed away several months prior to that date. (ECF No. 21-22). Because Dr. Worel passed away prior to the initiation of this action, service was never accomplished and the doctor was never made a party to this action. Plaintiff now moves the Court to substitute

Dr. Worel's widow and/or Dr. Worel's estate as Defendant in this matter. (ECF No. 25, 29). Plaintiff's motion is improper.

Plaintiff moves to substitute parties pursuant to Federal Rule of Civil Procedure 25(a)(1), which provides, in relevant part, that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." By its plain language, however, this Rule only applies to the substitution of *a party*.

Service of the complaint on a named defendant is significant in defining his relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. Thus, unless a defendant agrees to waive service, he "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350-51 (citations omitted).

Because service was never accomplished on Dr. Worel, he never became a party to this action. As such, Plaintiff's motion to substitute party under Rule 25 is misplaced. *See, e.g., Jenkins v. Perry*, 2009 WL 1663508 at *2 (E.D. Cal., June 15, 2009) (citing *Murphy Bros.*, 526 U.S. at 350) ("Rule 25 (a) governs the substitution of a party when a party dies and the claim is not extinguished. Rule 25 is inapplicable in this instance,

-8-

however, because defendant Williams was not served with the summons and therefore is not a party to this action"); *Luminati Networks Ltd. V. UAB Tesonet*, 2019 WL 8331455 at *2 (E.D. Tex., Aug. 23, 2019) (Rule 25 does not apply with respect to an individual as to whom service was never accomplished); *James v. Benjamin*, 2018 WL 4560744 at *5 (D.S.C., Sept. 24, 2018) ("Rule 25 requires that the deceased was a party to the lawsuit before his death").

Moreover, irrespective of the applicability of Rule 25, substitution is not otherwise possible because there does not exist any claim for which substitution can be accomplished. As courts recognize, "you cannot sue a dead person." *LN Management, LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020). An action asserted against "someone who is already dead. . .is a nullity. . .[and] no substitution [is] available because there was no action really existent in which he could be substituted." *Ibid.* (citation omitted); *see also*, *Givens v. California Department of Corrections and Rehabilitation*, 2021 WL 1966086 at *3 (E.D. Calif., May 17, 2021) (where a putative defendant dies before a lawsuit is filed, the claims against him are a "nullity" and must be "dismissed with prejudice"). Accordingly, the undersigned recommends that Plaintiff's motions to substitute party be denied and Plaintiff's putative claims against Dr. Worel be dismissed with prejudice.

# CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Sices' Motion for Summary Judgment (ECF No. 26) be granted; Plaintiff's Motions to Substitute Party (ECF No. 25 and 29) be denied; Plaintiff's claims against Dr. Worel be dismissed with prejudice; and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 31, 2022          /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge