UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW LOTT,

    Plaintiff,

v.

CORIZON, et al.,

    Defendants.

_____/

Case No. 1:20-cv-1255

Hon. Hala Y. Jarbou

## ORDER

On March 31, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 44) recommending that the Court grant Defendant Peter Sices's Motion for Summary Judgment (ECF No. 26), deny Plaintiff's Motions to Substitute Party (ECF Nos. 25, 29), dismiss Plaintiff's claims against Defendant Richard Worel, and terminate the case.  Before the Court is Plaintiff's objection to the R&R (ECF No. 35).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that Plaintiff failed to properly exhaust his administrative remedies in compliance with the Michigan Department of Corrections (MDOC) procedures as required by the Prisoner Litigation Reform Act (PLRA).  In the relevant period, Plaintiff filed and exhausted five grievances, none of which named Defendant Sices or the claims against him.  Plaintiff points to a sixth grievance that was submitted before August 1, 2016.  This could not have exhausted his claim against Defendant Sices because the incidents occurred in 2017.

Plaintiff objects that exhaustion is not required in this circumstance because the grievance process as an administrative remedy was not "available" to him. *Ross v. Blake*, 578 U.S. 632, 648 (2016) (holding that the PLRA's exception to mandatory exhaustion states that an inmate need only exhaust such administrative remedies that are available). Plaintiff argues, as he did in his response to Defendant Sices's motion for summary judgment, that MDOC policy rejects a prisoner's grievance if it contains duplicative issues. Plaintiff states that the 2016 grievance involved his being denied access to a urologist and therefore he could not have filed a separate grievance against Defendant because it would have been duplicative of the grievance he had already filed.

As the R&R points out, the incidents at issue here occurred in 2017. The 2016 grievance does not name Defendant Sices[1] and could not have covered the events occurring later in 2017. As such, the incidents forming the basis of Plaintiff's claim here would not have been duplicative of the 2016 grievance and has not been previously grieved. Therefore, Plaintiff has not exhausted his remedies as to Defendant Sices.

Accordingly,

**IT IS ORDERED** Plaintiff's objection (ECF No. 35) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 34) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Sices's motion for summary judgment (ECF No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Sices are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

---

[1] Plaintiff does not provide a copy of Step I of the 2016 grievance but does not argue that the grievance names Defendant Sices.

**IT IS FURTHER ORDERED** that Plaintiff's motions to substitute party (ECF Nos. 25, 29) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Worel are **DISMISSED WITH PREJUDICE**.

The Court will enter a judgment in accordance with this Order.

Date:   May 5, 2022                                    /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    UNITED STATES DISTRICT JUDGE